IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEE FLOYD PRICE, SR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **05-653 - CJP** |
| ) | |
| **J. SCRUGGS,** ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

Before the court is Plaintiff's Motion to Reconsider Court's July 12, 2007, Order Quashing Subpoena. **(Doc. 34)**.

The order of July 12, 2007, denied plaintiff's "Plaintiff's Reply to Mearl Justus' Objection to Subpoena for Records," which the court construed as a motion to compel. **See, Doc. 26**. Copies of the subpoena and objections thereto were not before the court at the time that the July 12, 2007, order was entered.

Technically, a "Motion for Reconsideration" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. ***See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994);** ***United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992)**. As noted in ***Deutsch***, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" ***Id.* (citations**

1

**omitted).**

Here, the motion was filed within ten days, and must be considered under Rule 59(e). The purpose of a motion under Rule 59(e) is to draw the Court's attention to manifest errors of law or fact, or to present newly discovered evidence, in order to enable the trial court to correct its errors and thereby avoid unnecessary appeals. ***Russell v. Delco Remy Division of General Motors Corporation*, 51 F.3d 746, 749 (7th Cir. 1995);** *Moro v. Shell Oil Company*, **91 F.3d 872, 876 (7th Cir. 1996).** "The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, **91 F.3d at 876.**

Plaintiff has now filed copies of his subpoena and the objections thereto, and asks the court to order Justus to produce the requested records. The subpoena asks for "any and all St. Clair County Jail files and documents relating to the employment history of [defendant Scruggs], including but not limited to complaints made against, disciplinary investigations, results of proceedings, reasons for termination of employment, and all other documents." Sheriff Justus objected that the subpoena was unduly burdensome, overbroad, and sought documents that were irrelevant. He also stated that the Sheriff's Department file on the incident involving plaintiff has been produced to plaintiff as an initial disclosure pursuant to Fed.R.Civ.P. 26(a).

Plaintiff questions whether defendant Scruggs has "standing" to object to a subpoena that was issued to a non-party. The court need not consider that issue, as the objections were made by Justus. Rule 45(c)(s)(B) permits a non-party to object to a subpoena directed to him. The onus is then on the party who seeks the documents to move for an order compelling production.

The court's order of July 12, 2007, did not quash the subpoena; rather, it denied plaintiff's motion to compel.

Plaintiff has not identified any mistake of law or fact in the court's order of July 12, 2007. Putting aside the procedural defects in the original motion, he argued in the original motion, and repeats the argument here, that information about complaints, investigations, and disciplinary proceedings against Scruggs could be relevant to show that Scruggs has a pattern or habit of physically abusing smaller, white inmates.  However, information about complaints made by other inmates, or about physical altercations between Scruggs and other inmates, would not be relevant or admissible to prove that Scruggs used excessive force on plaintiff on the day in question, which is the issue in this case.  See, Fed.R.Evid. 404.

Upon consideration and for good cause shown, Plaintiff's Motion to Reconsider Court's July 12, 2007, Order Quashing Subpoena **(Doc. 34)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  August 29, 2007.**

>    s/ Clifford J. Proud
>    **CLIFFORD J. PROUD**
>    **UNITED STATES MAGISTRATE JUDGE**